IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAVI S. LAICER,

                Petitioner,

    v.                          CASE NO. 13-3185-SAC

DISTRICT COURT
WICHITA KANSAS,
et al.,          Respondents.

## O R D E R

Petitioner has submitted an initial pleading in this action entitled "Pro Se Motion to Complain Violation of Civil Liberties and Civil Rights." Based upon the content, the court liberally construes this pleading as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Mr. Laicer is currently detained at the Rice County Jail, Lyons, Kansas. It appears from his allegations, that in 2012 he was convicted upon his plea in Sedgwick County District Court, Wichita, Kansas, of aggravated battery, which he describes as a severity level 5 crime of violence and a person felony. It further appears that he seeks to challenge this conviction on several grounds including ineffective assistance of counsel, the State and court failed to establish a factual basis for his plea, he was incompetent at the time of his plea and was convicted "with mental illness issues" while in need of treatment, he was not allowed to appear at a hearing on his state motion to withdraw plea, and the "judicial system of State

1

of Kansas" is "discriminatory and corrupt." He contends that he should be allowed to withdraw his plea.

It plainly appears that petitioner's main aim is to overturn his plea and his felony conviction in his state criminal case No. 11CR1709. However, this federal pleading is deficient in several ways. Petitioner is given time to cure the defects in his petition that are discussed herein. If he fails to cure all defects within the prescribed time this action may be dismissed without further notice.

**FILING FEE NOT PAID**

The statutory fee for filing a federal habeas corpus petition is $5.00.[1] Petitioner has neither paid the fee nor submitted a motion to proceed in forma pauperis (IFP). This action may not proceed until the filing fee is satisfied in one of these two ways. Petitioner is ordered to either pay the filing fee or file a proper motion to proceed in forma pauperis upon forms provided by the court that is supported by the requisite financial information. A prisoner seeking to bring a federal habeas corpus action without payment of fees must submit an affidavit that includes a statement of the prisoner's assets. 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified accounting of the funds available to

---

1   If Mr. Laicer is actually trying to sue the named "respondents" in a civil complaint, the statutory fee is $350.00 plus a $50.00 administrative fee for total fees due upon filing of $400.00. For a plaintiff that is granted leave to proceed without prepayment of fees, the fee is $350.00.

him in his institutional account. D.Kan.Rule 9.1(g);[2] see Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(a)(2)(habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). The clerk is directed to send IFP forms to petitioner. If Mr. Laicer does not satisfy the filing fee within the prescribed time, this action may be dismissed without prejudice and without further notice.

**CLAIMS ARE HABEAS IN NATURE**

Mr. Laicer makes no effort to set forth a jurisdictional basis in his pleading. The claim by an inmate that he is entitled to have a state conviction overturned is in the nature of a habeas corpus claim that must be presented in federal court by petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The only proper respondent in a habeas corpus action is the inmate's current custodian. Petitioner's former and current attorneys and the

---

2   D.Kan.Rule 9.1(g)(2)(A) provides:

   Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

3

"District Court Wichita Kansas" are not proper respondents.

Local court rule requires that a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 be submitted upon court-approved forms. Mr. Laicer will be provided forms and is required to submit his claims upon those forms. He must name a proper respondent in his form petition. If he fails to comply within the prescribed time, this action may be dismissed without further notice.

**THIS ACTION IS PREMATURE**

It is well-settled law that a state inmate must exhaust all remedies available in the state courts before he may seek review of his state conviction in federal court. See 28 U.S.C. § 2254(b)(1)(A);[3] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)("A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *Id*. at 845. This means that the claims must have been "properly presented" as federal constitutional issues "to the

---

3   Section 2254(b)(1)(A) pertinently provides:

    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

4

highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

It is clear from petitioner's own allegations and exhibits that he has not fully exhausted state court remedies on his claims. First, state appellate court records available on-line for *State of Kansas v. Laicer*, Appellate Case No. 109495, show that Mr. Laicer filed a Motion for Voluntary Dismissal of his direct appeal that was granted on June 18, 2013. It thus appears that he did not fully exhaust any of his claims by way of direct appeal.

Petitioner alleges that he filed a motion in the state sentencing court to withdraw his plea on August 14, 2013, that was scheduled for hearing on October 4, 2013. Once this motion has been heard and if it is denied, Mr. Laicer's recourse is to appeal to the Kansas Court of Appeals and ultimately to the highest state court, which is the Kansas Supreme Court.[4] As noted, he must utilize the state appellate process in order to fully exhaust state court remedies. The same is true for any state post-conviction motion filed pursuant to K.S.A. 60-1507 that may currently be pending in the sentencing court.[5]

---

4   If petitioner's motion to withdraw was denied as untimely and he believes this was in error, he must present this and all his claims to the state appellate courts.

5   This federal district court is not the court of appeals for decisions of the Sedgwick County District Court or any other district court within the state system. Nor does this court have authority to issue a "mandate" to the Sedgwick County District Court to not dismiss petitioner's motion to withdraw plea, as he

In his § 2254 form petition, Mr. Laicer will be required to show full exhaustion of state court remedies on each of his claims. He must follow the directions and carefully and fully complete all questions in his form petition. If he does not show full and proper exhaustion, this action will be dismissed without prejudice for failure to exhaust.

**IMMIGRATION STATUS**

Finally, the court notes that Mr. Laicer alleges that he is an "ICE detainee," and that ICE detained him on June 18, 2013. One of his many exhibits is a "Notice to Appear" from the U.S. Department of Homeland Security that is dated June 19, 2013. This Notice indicates that he is a native and citizen of Tanzania; his status is that of Lawful Permanent Resident; he was convicted of aggravated battery in Sedgwick County District Court on May 1, 2012, and sentenced to 31 months in prison; and that due to this conviction he is subject to removal from the United States. He has been ordered to appear before an immigration judge on a date and at a time "to be set." Petitioner claims that the attorney appointed to represent him in state criminal proceedings failed to properly advise him as to the effects of his guilty plea upon his immigration status. The court reiterates that petitioner's claims of ineffective assistance of counsel must be presented in the state courts in the first

---

requests.

instance.  Any challenge that Mr. Laicer may have to his removal must be presented in the first instance at his removal hearing and on appeal to the Bureau of Immigration Appeals.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee prerequisite by either paying the fee of $5.00 or submitting a motion for leave to proceed in forma pauperis on court-provided forms and to cure the other deficiencies set forth herein or this action may be dismissed without prejudice and without further notice.

The clerk is directed to send petitioner IFP and § 2254 forms.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2013, at Topeka, Kansas.


                                      <u>s/Sam A. Crow</u>
                                      **U.S. Senior District Judge**